Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1774 | **DATE** | 11/17/2003 |
| **CASE TITLE** | Shaffer vs. Combined Insurance Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment is granted. Case closed. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 1 ○ 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 46 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



NOV 1 3 2003

| BONNIE SHAFFER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | NOV 1 3 2003 |
| v. | ) | No: 02 C 1774 |
| COMBINED INSURANCE COMPANY OF AMERICA, | ) | Judge John W. Darrah |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bonnie Shaffer ("Shaffer"), filed suit against Defendant, Combined Insurance Company of America ("Combined"). Shaffer alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Presently before the Court is Combined's Motion for Summary Judgment. For the reasons that follow, Combined's Motion for Summary Judgment is granted.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to

46

demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## **BACKGROUND**

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

Combined is a nationwide insurance company that sells supplemental insurance door to door to the public. Pl.'s 56.1 ¶ 1. Shaffer began selling insurance for Combined in Iowa as a sales agent in 1994. Def.'s 56.1 ¶ 10. Shaffer filed her underlying charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 31, 2001. Def.'s 56.1 ¶ 2.

On September 17, 2001, the EEOC issued Shaffer a Dismissal and Notice of Rights ("right-to-sue letter"). Def.'s 56.1 ¶ 3. On December 13, 2001, Shaffer, along with nine other plaintiffs, filed suit against Combined in the Northern District of Illinois before the Honorable Judge Alesia in *Radmanovich v. Combined Insurance Company of America*, 01 C 9502 ("the original *Radmanovich* action"). Def.'s 56.1 ¶ 5.

On February 5, 2002, Judge Alesia, *sua sponte*, informed these plaintiffs in open court that they could not maintain the original *Radmanovich* action with multiple named plaintiffs. Def.'s 56.1 ¶ 6. He gave the plaintiffs two options: either (1) convert the original action to a class action with one named plaintiff; or (2) dismiss all but one plaintiff from the original action and have the remaining plaintiffs each file individual suits. Def. Ex. C., Tr. of Proceedings, Feb. 5, 2002, at 3-6.

On February 8, 2002, Shaffer and eight other plaintiffs in the original *Radmanovich* action filed a motion requesting Judge Alesia to enter an order incorporating his February 5 order. Def.'s 56.1 ¶ 7. On February 12, 2002, Judge Alesia granted this motion and dismissed Shaffer and the eight other plaintiffs from the original *Radmanovich* action without prejudice. He also granted the remaining plaintiff, Traci Radmanovich, leave to file an amended complaint by February 27, 2002. Pl.'s Resp. to Def.'s 56.1 ¶ 8.

On February 26, 2002, Traci Radmanovich filed her amended class action complaint against Combined ("the *Radmanovich* class action"). Shaffer and the other plaintiffs in the original *Radmanovich* action were members of the class as described in Traci Radmanovich's amended complaint. Pl.'s 56.1 ¶ 167. On March 8, 2002, Shaffer filed the instant lawsuit. Def.'s 56.1 ¶ 9.

3

**ANALYSIS**

Combined argues that Shaffer's individual lawsuit is barred by the ninety-day filing requirement of 42 U.S.C. § 2000e-5(f)(1). That statute requires the EEOC to determine whether it wishes to file a civil action on behalf of an aggrieved party in a Title VII matter. If the EEOC declines to so proceed, it must provide a right-to-sue letter to the aggrieved party, who then has ninety days to file a charge against the allegedly discriminating party.

"[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it has never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1111 (7th Cir. 2000); *Accord Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995); *Robinson v. Willow Glen Acad.*, 895 F.2d 1168, 1169 (7th Cir. 1990); *United States v. Mt. Vernon Mem'l Estates, Inc.*, 734 F.2d 1230, 1236 (7th Cir. 1984).

In this case, Shaffer received her right-to-sue letter from the EEOC on September 17, 2001. Shaffer and the other *Radmanovich* plaintiffs filed their original action on December 13, 2001 – just three days before Shaffer's ninety-day filing period ran out. On February 12, 2002, Shaffer was dismissed without prejudice from the original *Radmanovich* action. Shaffer did not file her own suit until March 8, 2002. Combined contends that this suit is barred because it was filed long after December 17, 2001, as required by 42 U.S.C. § 2000e-5(f).

Shaffer argues that a pending class action tolls the statute of limitations for class members. *America Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974). Moreover, Shaffer contends that all class members, regardless of whether they have filed their own legal action, are entitled to equitable tolling from the ninety-day filing rule until class certification is denied. "Once the statute of limitations has been tolled, it remains tolled for *all members* of the

putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (emphasis added). Therefore, Shaffer claims that she remained an absent class member, after her dismissal from the original *Radmanovich* action, until at least June 26, 2003, when Judge Alesia finally denied class status.

However, plaintiffs that file their own individual lawsuit *before* class certification is denied do not obtain the benefits of the *Crown, Cork & Seal* class-action tolling. *Wachovia Bank & Trust Co., N.A. v. Nat'l Student Mktg. Corp.*, 650 F.2d 342, 346 n.7 (D.C. Cir. 1981); *Chazen v. Deloitte & Touche, LLP*, 247 F. Supp. 2d 1259, 1271-72 (N.D. Ala. 2003); *Prohaska v. Somafor, S.N.C.*, 138 F. Supp. 2d 422, 432-33 (W.D.N.Y. 2001); *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 513-14 (S.D.N.Y. 2000); *Rahr v. Grant Thorton, LLP*, 142 F. Supp. 2d 793, 799-800 (N.D. Tex. 2000); *Chinn v. Giant Food, Inc.*, 100 F. Supp. 2d 331, 334-35 (D. Md. 2000); *Wahad v. City of New York*, No. 75 Civ. 6203, 1999 WL 608722, at *5-6 (S.D.N.Y. Aug. 12, 1999); *Stutz v. 3M*, 947 F. Supp. 399, 400-04 (S.D. Ind. 1996); *Pulley v. Burlington N., Inc.*, 568 F. Supp. 1177, 1179-80 (D. Minn. 1983).

Generally, these opinions reflect a policy that plaintiffs who elect to individually pursue their own claims cannot "reap the benefits of a doctrine which is designed for a group – the class and its putative members." *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1998 WL 474146, at * 8 (N.D. Ill. Aug. 6, 1998) (Kocoras, J.); *see also Chemco, Inc. v. Stone, McGuire & Benjamin*, No. 91 C 5041, 1992 WL 188417, at * 2 (N.D. Ill. July 29, 1992) ("Only

if class certification was denied . . . would the putative class members be able to bring suits individually under *American Pipe* [and *Crown, Cork & Seal*].") (Zagel, J.).[1]

Shaffer, in voluntarily dismissing her first suit, can no longer claim the protection of a putative class member under *American Pipe* and *Crown, Cork, & Seal*. Shaffer filed her first lawsuit before Judge Alesia on December 13, 2001, three days before the ninety-day period for filing would have expired. Tolling the remaining part of that period before she withdrew from that suit and remained a putative class member permitted her to file this action within the three untolled days remaining, until February 15, 2002. Shaffer did not do so; she chose to voluntarily withdraw from the class and file this suit three weeks thereafter, on March 8, 2002.

Shaffer next argues that the ninety-day filing requirement should be equitably tolled. Equitable tolling rarely applies, and the doctrine should not be used in situations where the plaintiff negligently failed to preserve her legal rights. *Tyler v. Runyon*, 70 F.3d 458, 465 n.8 (7th Cir. 1995) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Other courts have discussed equitable tolling in the context of the ninety-day filing rule of § 2000e-5(f). "[R]eceipt of a second EEOC Notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first Notice." *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000); *see also Witt v. Roadway Express*, 136 F.3d 1424, 1430 (10th Cir. 1998); *Davidson v. Serv. Corp. Int'l*, 943 F. Supp. 734, 737-40 (S.D. Tex. 1996), *aff'd sub nom. Davidson v. Guardian Plans, Inc.*, 132 F.3d 1454 (5th Cir. 1997).

---

[1] *But see Amati v. City of Woodstock*, Nos. 92 C 20347, 94 C 50235, 1197 WL 587493, at *6 (N.D. Ill. Aug. 7, 1997) (allowing, without discussing any related authority on the issue, new plaintiffs to file suit during the pendency of class certification instead of intervening in the class action).

Here, Shaffer suggests that Judge Alesia, *sua sponte*, dismissed her from the original *Radmanovich* action, and that a reasonable time period was necessary to r-file a new complaint. The records of the proceeding is to the contrary. On February 5, 2002, Judge Alesia gave the original *Radmanovich* plaintiffs, including Shaffer, a choice: (1) either convert the original action to a class action with one named plaintiff; or (2) dismiss all but one plaintiff from the original action and have the remaining plaintiffs each file an individual suit. It is clear that on February 12, 2002, Shaffer elected to be dismissed from the original *Radmanovich* action, pursuant to Judge Alesia's February 5 ruling. Under these circumstances, Shaffer cannot be said to be surprised regarding the ninety-day filing requirement. Shaffer's conduct in the untimely refiling of her claim will not equitably toll the ninety-day filing requirement further.

Finally, Shaffer argues that Combined should be estopped from raising the ninety-day filing requirement as a defense because it waited to present this argument until this Motion for Summary Judgment. However, Shaffer's only authority on this issue discusses motions to compel discovery. *Price v. Maryland Cas. Co.*, 561 F.2d 609, 611-12 (5th Cir. 1977); *Commonwealth Edison Co. v. Allis-Chalmers Manu. Co.*, 40 F.R.D. 96, 108 (N.D. Ill. 1966).

Shaffer offers no support for the proposition that a defendant who properly pleads an affirmative defense must use that defense as soon as possible or the defense is waived. Here, Combined properly pled the ninety-day filing requirement as an affirmative defense at the earliest possible time – in its Answer. Therefore, Combined is not estopped from raising the filing requirement of § 2000e-5(f).

7

## **CONCLUSION**

For the foregoing reasons, Combined's Motion for Summary Judgment is granted.

Dated: *November 17, 2003*

JOHN W. DARRAH
United States District Judge