# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1774 | **DATE** | 3/16/2004 |
| **CASE TITLE** | Shaffer vs. Combined Insurance Company of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum opinion and order, defendant's bill of costs is granted in part and denied in part. Defendant is awarded $6,407.33 in costs. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 17 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 59 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAR 17 2004

BONNIE SHAFFER,

    Plaintiff,

v.

COMBINED INSURANCE COMPANY
OF AMERICA,

    Defendant.

No: 02 C 1774

Judge John W. Darrah

MAR 17 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bonnie Shaffer, filed suit against Defendant, Combined Insurance Company of America ("Combined"). Summary judgment was granted to Defendant, and the case was dismissed. Now before the Court is Defendant's Motion for Costs and Bill of Costs. For the following reasons, that motion is granted in part and denied in part.

## BACKGROUND

A more detailed explanation of the facts is set out in this Court's November 18, 2003 Memorandum Opinion and Order granting summary judgment to Defendant. *Shaffer v. Combined Ins. Co.*, No. 02 C 1774, 2003 WL 22715818 (N.D. Ill. Nov. 18, 2003).

59

## LEGAL STANDARD

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) ("*Weeks*"). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

## ANALYSIS

Defendant seeks costs for: (1) fees for service of summons, (2) fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case, (3) fees for copies of papers necessarily obtained in the case, (4) witness fees, and (5) docket fees under 28 U.S.C. § 1923. Plaintiff does not object to any of the costs sought by Defendant.

Here, Defendant seeks $405.00 for service of summons on nine people, at $45 per person served. "Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. The Marshal's Service charges $40.00 for the first hour and $20.00 for every hour thereafter." *Hall v. City of Chicago*, No. 98 C 4682, 2003 U.S. Dist. LEXIS 11220, at *7 (N.D. Ill. July 2, 2003) (citations omitted). In this case, Defendant failed to specify how long it took to effectuate service on each person. Therefore, Defendants may recover $40 per person served, for a total of $360.00.

Defendant next seeks $5,334.74 for transcripts necessarily obtained for use in the case. The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. *Amerisure Ins. Co. v. Roll Serv., Inc.*, No. 01 C 5292, 2003 U.S. Dist. LEXIS 11221, at * 3 (N.D. Ill. July 2, 2003).

Included in this amount for transcript fees are hourly fees for court reporters. Moreover, court reporter attendance fees ranging from $16.00 per hour to $68.75 are reasonable . . . ." *Hall v. City of Chicago*, No. 98 C 4682, 2003 U.S. Dist. LEXIS 11220, at *4 (N.D. Ill. July 2, 2003).

Here, Defendant seeks $3.30 per page for most of the original transcripts, and $3.05 for some original transcripts. Defendant further seeks $0.83 for each copy of the transcript. Lastly, Defendant requests $30.00, $35.00, and $50.00 per hour for hourly fees for court reporters. All these amounts are reasonable, and, therefore, Defendant may recover the full $5,334.74.

Defendant also requests $353.00 in fees for copies of papers necessarily obtained in the case. A party may recover costs of copies provided to the Court and opposing counsel; it cannot recover costs for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Copy rates of $ 0.10 to $ 0.20 have been found to be reasonable. *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 U.S. Dist. LEXIS 7204, at * 6 (N.D. Ill. Apr. 30, 2003).

In this case, Defendant seeks $0.10 per copy. Out of the total $353.00 Defendant seeks for copies, $225.30 are for copies filed with the Court, $31.10 are for copies of discovery

documents, and $96.00 are for copies of miscellaneous documents obtained from third-parties. Defendant has also presented letters indicating these miscellaneous documents were given to Plaintiff. Accordingly, Defendant may recover the whole $353.00 requested.

Defendant further seeks $584.83 in witness fees for nine people. Payment to a witness may not exceed a $40.00 appearance fee, plus reasonable travel and subsistence charges. *Herman v. Central States, S.E., & S.W. Areas Pension Fund*, No. 03 C 1010, 2003 WL 22955996, at * 4 (N.D. Ill. Dec. 15, 2003). Here, Defendant failed to present any evidence of the travel and subsistence charges accrued by each witness. Therefore, Defendant may only receive $40.00 for each witness, for a total of $360.00.

Lastly, Defendant seeks $128.00 for what appears to be docket fees under 28 U.S.C. § 1923.[1] However, Defendant failed to provide any support as to why the docket fees were charged, what filings with which they are associated, and whether it actually seeks these docket fees. Accordingly, Defendant may not recover the requested $128.00.

---

[1] In Defendant's Bill of Costs, Defendant erroneously placed $353.00 in the space provided for docket fees and $128.00 in the space provided for fees for exemplifications and copies of papers necessarily obtained for use in the case. However, Defendant provided support for $353.00 worth of copies, thus indicating Defendant made an error in placing the proper amounts of fees on the Bill of Costs.

4

## CONCLUSION

For the foregoing reasons, Defendant's Bill of Costs is granted in part and denied in part. Defendant is awarded $6,407.33 in costs.

Dated: March 16, 2004

JOHN W. DARRAH
United States District Judge